UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Thomas Temme and Shirley Temme,
individually and as a class of persons
similarly situated,

Plaintiffs,

v. Case No.

Bemis Company, Inc.
a Missouri corporation,

Defendant.

# C O M P L A I N T

Plaintiffs, individually and as representatives of a class of persons similarly situated, allege:

## Introduction

1. Plaintiffs seek damages and injunctive relief on a class basis enforcing the promise of the Hayssen Manufacturing Co. (Hayssen), the predecessor of defendant Bemis Company, Inc. (Bemis), to provide life-time retiree health benefit coverage, including a prescription drug program, at the levels specified in 1985 closing agreements.

2. In 1985, Hayssen closed its Sheboygan, Wisconsin plant.

3. At the time, the production and maintenance employees were represented by United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) and its Local No. 1423 (the Union).

4. On November 5, 1985, Hayssen and the Union entered into a closing agreement covering the production and maintenance employees (Exhibit A).

5. By the terms of this agreement, Hayssen agreed to provide health benefits, including a prescription drug program, to all covered retirees and their spouses and dependents at the levels then in effect for the lifetime of the retirees and spouses.

6. Bemis is the successor to Hayssen.

7. Effective January 1, 2005, Bemis reduced these health benefits, specifically by increasing co-pays and deductibles.

8. Effective January 1, 2007, Bemis again changed retiree health benefits, specifically eliminating its prescription drug program.

9. Plaintiffs have not agreed to any such reductions.

## Jurisdiction and Venue

10. This Court has jurisdiction over Count I pursuant to § 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

11. This Court has jurisdiction over Count II pursuant to § 502(e) and (f) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e) and (f).

12. Venue is proper for Count 1 pursuant to § 301 (a) of the LMRA.

13. Venue is proper for Count II pursuant to § 502(e) and (f) of ERISA.

## Parties

14. In 1987, Bemis acquired Hayssen.

15. Bemis is an employer engaged in an industry affecting commerce within the meaning of § 301 of LMRA.

16. Bemis is an employer within the meaning of §§ 3(5) and 4 of ERISA.

17. Bemis is the administrator of an employee welfare benefit plan through which plaintiffs are receiving health benefits.

18. Thomas and Shirley Temme reside at 3 Pinewood Drive, Sheboygan, Wisconsin 53081. He worked at the Hayssen plant in Sheboygan for 11 years until 1985, when he retired. From 1985 until 2004, they were receiving health benefits at the levels specified in the closing agreement described at ¶ 4.

19. Plaintiffs are "participants" in an employee welfare benefit plan within the meaning of § 2(7) of ERISA, 29 U.S.C. § 1002(7).

## Class Action Allegations

20. Plaintiffs bring this suit, pursuant to Fed. R. Ci. P. 23, on behalf of themselves and all others similarly situated.

21. The class consists of all persons who as of December 31, 2006 were receiving health benefits from Bemis pursuant to the closing agreements described in ¶¶4 and 5, including retirees, spouses, surviving spouses and dependents.

22. Persons who would constitute the class are so numerous to make joinder impracticable.

23. On information and belief, there are 59 class members.

24. There are questions of law and fact common to the class.

25. Plaintiffs' claims are typical of those of the class they seek to represent.

26. Plaintiffs will fairly and adequately represent the interests of this class.

27. Bemis must act on grounds generally applicable to the class, thereby making appropriate declarative or injunctive relief with respect to the class.

28. Class members have expressed no interest in individually controlling the prosecution of separate actions.

29. Plaintiffs know of no other litigation concerning the issues presented in this case.

30. Maintenance of this action as a class action will promote the equitable administration of justice and is unlikely to impose burdens on the Court other than those which would be encountered if the action proceeded on behalf of plaintiffs only.

**Count I-Breach of Closing Agreements-§ 301 of LMRA**

31. Plaintiffs incorporate ¶¶ 1-30.

32. The closing agreement described at ¶ 4 in relevant part provides:

4(d) Individuals who attain age 60 and have at least six years of continuous service by 12-31-85, and who elect to commence their retirement benefits by 12-31-85, will be eligible for the retired employee medical benefit. Individuals who attain age 58 or 59 by 12-31-85 and who indicate by 12-31-85, their intent to commence retirement benefits at age 60 will be eligible for the retired employee medical benefit.

33. Section 9.02 of the parties' terminated labor agreement, which spells out the Retired Employee Medical Benefits, referenced in ¶ 4 reads in relevant part:

9.02 Retired Employee Medical Benefit. The medical benefit provided retirees, their spouse and dependents shall be the same as defined in Section 9.01, except that benefits are provided under the "Medicare Carve-Out" program, subject to the terms of the master insurance contract.

In the event of the death of the retired employee, their dependent spouse will retain coverage until such time as they remarry or qualify for other primary coverage.

34. Section 9.01 of the terminated labor agreement referenced in ¶ 33 reads in relevant part:

9.01 Hospital, Surgical, and Medical Insurance. The Blue Cross/Blue Shield hospital, surgical and medical insurance (called Basic Plan) and major medical insurance (called Major Medical Plan) continues in effect for all employees subject to the specific terms and conditions of the insurance contract(s).

Effective July 1, 1982 the following benefits are added:

a. Radiation therapy for malignancies of the skin.

b. Outpatient coverage for speech and occupational therapy.

c. Full coverage for blood and blood plasma under the basic hospital program.

d. Increase the coverage period from forty-eight (48) hours to seventy-two (72) hours for accident first-aid care provided at a hospital.

e. Five hundred thousand dollar ($500, 000) maximum Major Medical.

    f. There will be two (2) fifty dollar ($50.00) deductibles per family per year.

    g. One hundred percent (100%) coverage for physician's home and office calls and prescription drugs after the deductibles are met.

  35. Between 1985 and 2005, Hayssen and its successor, Bemis, have provided plaintiffs with their health benefits in accord with the closing agreement described at ¶34.

  36. In November 2004, Bemis advised plaintiffs that effective January 1, 2005 they would no longer be covered by the Blue Cross/Blue Shield of Wisconsin Health Plan but would be covered under the Bemis CIGNA Group Health Plan which changed the deductibles and copays related to medical care and prescription drugs.

  37. Under the old Blue Cross/Blue Shield Plan, the deductible was $50.00/person or $100.00/retiree and his spouse. Under the new plan, the deductible was raised to $250.00/individual or $500.00/retiree and spouse.

  38. Under the old Blue Cross/Blue Shield Plan, 100% of hospital and medical expenses, after the $50.00 deductible, were covered up to $10,000 with no co-pays, then such expenses were covered at 80% under major medical coverage. Under the new plan, after the $250.00 deductible, hospital and medical expenses were covered at 80% until the retiree paid the maximum out of pocket of $1,750 or $3,500 per couple, then such expenses were covered at 100%.

  39. Under the old Blue Cross/Blue Shield Plan and the parties' 1982 Collective Bargaining Agreement, prescription drugs were provided without cost after the

payment of the $50.00 deductible. Under the new plan inaugurated in 2005, drugs were handled under a three tier system based on whether the drugs were purchased in or out of a network established by Bemis.

40. Under the old Blue Cross/Blue Shield Plan, doctor office visits were 100% covered after the aforementioned $50.00 deductible. After the 2005 changes, office visits were a part of the overall medical program, subject to the deductibles and co-pays previously described for that program.

41. As stated in ¶ 8, Bemis, effective January 1, 2007, eliminated all prescription drug benefits for Hayssen retirees.

42. The above described changes constitute breaches of the closing agreements.

43. Bemis' failure to honor the closing agreements is actionable under § 301 of LMRA.

44. Plaintiffs and other class members have suffered cognizable losses as a result of the actions described above.

**Count II - Breach of Closing Agreements - § 502 ERISA**

45. Plaintiffs incorporate ¶¶1-44.

46. Bemis' failure to honor the closing agreements is actionable under § 502(a)(1)(B) and (a)(3) of ERISA.

47. Plaintiffs and other class members have suffered cognizable losses as a result of the actions described above.

## Relief

WHEREFORE, plaintiffs on behalf of themselves and as representatives of a class of all persons similarly situated, request:

a. Injunctive relief requiring Bemis to provide class members with the hospital, medical and prescription drug programs agreed upon in 1985.

b. Judgment against Bemis in an amount equal to all obligations incurred by class members as a result of Bemis' failure to provide the benefits at agreed upon levels, including, but not limited to:

(i) All premiums paid to obtain replacement insurance coverage;

(ii) The co-pay and deductible amounts paid over the amounts called for in the 1985 closing agreement.

c. Judgment against Bemis for mental distress and anguish suffered by class members as a result of Bemis' actions described above.

d. Attorney fees and costs.

e. Such further relief as is necessary and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and as representatives of a class of persons similarly situated, demand a jury trial on their complaint for every issue so triable.

Dated this day of January, 2008.

By: ______________________________
Sandra G. Radtke

State Bar No. 1022127
George F. Graf
State Bar No. 01008632
Attorneys for the Plaintiffs
Gillick Wicht Gillick & Graf, S.C.
6300 W. Bluemound Rd.
Milwaukee, WI 53213
Phone: (414) 257-2667
Fax: (414) 257-9297
Email: sradtke@gillickwicht.com